Guo v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of August, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges*.
             BRIAN M. COGAN,[1]
                     *District Judge*.

_____

ZHONGFENG GUO, AKA ZHONG FENG GUO,

                     *Petitioner*,

             v.                                            15-4180

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

                     *Respondent*.

_____

Appearing for Petitioner:     H. Danny Kao, Kao & Associates, PC, Flushing, NY.

Appearing for Respondent:     Benjamin C. Mizer, Principal Deputy Assistant Attorney General;
                              Emily Anne Radford, Assistant Director; David Schor, Trial

---

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Zhongfeng Guo, a native and citizen of the People's Republic of China, seeks review of a December 2, 2015 decision of the BIA affirming a March 10, 2014 decision of an Immigration Judge ("IJ"), which denied Guo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhongfeng Guo*, No. A205 444 537 (B.I.A. Dec. 2, 2015), *aff'g* No. A205 444 537 (Immig. Ct. Hartford Mar. 10, 2014). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We have reviewed the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013). "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his or her country of nationality are either aware of his or her activities or likely to become aware of his or her activities." *Y.C.*, 741 F.3d at 332 (brackets omitted) (quoting *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)). The fear must be objectively reasonable and have "solid support" in the record. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). We find no error in the agency's determination that Guo failed to satisfy this requirement.

The agency reasonably declined to credit an unsworn letter from Guo's father asserting that officials in China were aware of Guo's involvement with the China Democracy Party in the United States. *See Y.C.*, 741 F.3d at 334. And Guo's argument that Chinese officials would become aware of his online articles or photographs of his participation in political demonstrations in the United States was too speculative given the lack of evidence of persecution of others who engaged solely in activities in the United States. *Id.* at 333-34, 336-37; *Jian Xing Huang*, 421 F.3d at 129. Finally, the agency reasonably concluded that Guo was not similarly situated to Chinese dissidents who face persecution: although the 2012 State Department Report documented the detention and mistreatment of dissidents active in China, Guo did not present any evidence that Chinese authorities arrest those who engage in pro-democracy activities abroad. *See Y.C.*, 741 F.3d at 334-37.

Because Guo failed to demonstrate an objectively reasonable fear of persecution based on reliable evidence, the agency did not err in denying asylum, withholding of removal, or CAT relief. *See Y.C.*, 741 F.3d at 335 (holding that alien who did not meet the burden of proof for asylum also failed to meet the higher burdens of proof for withholding of removal and CAT relief).

2

For the foregoing reasons, Guo's petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk